**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4011**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MELCHOR CALDERON,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. David A. Faber, Senior District Judge. (7:12-cr-00037-FA-2)

Submitted: November 17, 2015     Decided: November 25, 2015

Before GREGORY, WYNN, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melchor Calderon pled guilty in accordance with a written plea agreement to: conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951 (2012); using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(B)(i) (2012); conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, 21 U.S.C. § 846 (2012); and kidnapping, 18 U.S.C. § 1201(a) (2012). Calderon was sentenced to 252 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the sentence is unreasonable but stating that there are no meritorious issues for appeal. Calderon was advised of his right to file a pro se supplemental brief but did not file such a brief. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. Calderon opposes the motion. We affirm in part and dismiss in part.

The appeal waiver did not apply to Calderon's convictions. Having reviewed the entire record, we hold that: the district court substantially complied with Fed. R. Crim. P. 11; there was a factual basis for the plea; and the plea was knowingly and voluntarily entered. Accordingly, we affirm the convictions.

In the plea agreement, Calderon waived his right to appeal his sentence.* Upon review of the record, we conclude, given the totality of the circumstances, that the waiver is valid and enforceable. We further find that the issue Calderon seeks to raise on appeal — whether the sentence is reasonable — falls within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Accordingly, we grant the motion to dismiss Calderon's appeal of his sentence.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaivable issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Calderon, in writing, of his right to petition the Supreme Court of the United State for further review. If Calderon requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Calderon. We dispense with oral argument

---

* Calderon waived "all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that was established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the . . . guilty plea."

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>